# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

QATONIOUS LEE SIRKANEO                                          PLAINTIFF
ADC #105681

V.                          NO: 5:15CV00362 BSM/PSH

RANDY WATSON *et al*                                         DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATION**

## **INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## **DISPOSITION**

Plaintiff Qatonious Lee Sirkaneo, an Arkansas Department of Correction ("ADC") inmate at the Varner Super Max Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on November 9, 2015. Defendants are ADC Director Wendy Kelley, St. Francis County Sheriff Bobby May, Varner Super Max Warden Randy Watson, Varner Super Max Records Supervisor Nancy Straughn, and Doe, from the Varner Super Max records department.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to plaintiff, the Court of Appeals, presumably of the State of Arkansas, has ordered May to go to the penitentiary and remove him from penitentiary custody. May has not done so, and plaintiff contends he is being illegally detained in the ADC. Plaintiff asserts his grievances have been fruitless, and he seeks $2,000.00 in damages per day, his immediate release, and other relief.

Plaintiff's complaint indicates he was serving a 35 year sentence, and was released on parole in 2010, after he served 15 and a half years. Plaintiff's parole was revoked in October of 2011, and he later received a 130 year sentence on subsequent charges, which was then reversed. Thus,

plaintiff is currently incarcerated on the original 35 year sentence, and he argues he is entitled to release, because the Parole Board in December of 2011 denied his release for one year.

Although plaintiff's second, 130 year sentence has been reversed, he is still serving a valid 35 year sentence. Therefore, plaintiff's complaint in essence is that he has been denied parole on the 35 year sentence. However, because any judgment in plaintiff's favor would imply the invalidity of his current confinement, and there is no indication that his sentence has been reversed, expunged, or called into question by a writ of *habeas corpus*, his complaint must be dismissed. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody).

The Court notes that plaintiff argues that if he had been released as ordered, he could have obtained mental health care he says is not provided by the ADC. However, plaintiff's specific allegations against the named defendants relate to their refusal to release him, and the factual allegations are insufficient to state a plausible claim for deliberate indifference to a serious medical need. *See Twombly* at 570. Plaintiff's complaint should therefore be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state

a claim upon which relief may be granted.

      2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

      3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 16th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE